# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GERRARD D. JONES,**

     **Plaintiff,**

**VS.**                           **Case No. 4:16cv36-RH/CAS**

**TORREY M. JOHNSON, et al.,**

     **Defendants,**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Gerrard D. Jones filed this case pro se by filing a civil rights complaint on January 14, 2016, in the United States District Court for the Middle District of Florida.  ECF No. 1.  The case was transferred to this Court on January 22, 2016, and Mr. Jones was granted in forma pauperis status on February 2, 2016.  ECF No. 10.  The initial partial filing fee has been paid, ECF No. 16, and the complaint was reviewed.

The complaint is a shotgun pleading, ECF No. 1, consisting of 51 pages and naming 34 persons as Defendants.  It insufficient as filed and an Order has been entered this day requiring Mr. Jones to decide which claims he seeks to litigate against which Defendant.  As filed, his complaint

names Defendants who are located at Santa Rosa Correctional Institution, Jefferson Correctional Institution, and the Department of Corrections' Central Office. *Id.* at 3-9. The complaint contains allegations spanning from February 2013 through October 2015, some 32 months. *Id.* at 11-50. The complaint did not contain numbered paragraphs as required by Rule 10(b), nor did it comply with Rule 8(a)'s requirement to provide a short and plain statement.

After case initiation, Mr. Jones filed a motion for a temporary restraining order, ECF No. 11, on February 8, 2016. Mr. Jones seeks protection from prison staff at Santa Rosa Correctional Institution who he contends attacked him in August of 2015. Mr. Jones has recently been returned to Santa Rosa Correctional Institution after receiving medical care from the Reception and Medical Center *Id.* at 10; *see also* ECF Nos. 12, 15.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983)). Preliminary injunctive relief may be granted only if the moving party establishes:

Case 4:16-cv-00036-RH-CAS   Document 18   Filed 02/26/16   Page 3 of 4

Page 3 of 4

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction

issues;

(3) the threatened injury to the movant outweighs whatever
harm the proposed injunction may cause the opposing party;
and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon

Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720

F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an

extraordinary and drastic remedy and should not be granted unless the

movant "clearly carries the burden of persuasion" of all four prerequisites,

which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176

(11th Cir. 2000); Jefferson County, 720 F.2d at 1519 (citing Canal Auth. v.

Callaway, 489 F.2d 567 (5th Cir. 1974)).

Because the complaint filed by Mr. Jones is deficient and he has

been required to submit an amended complaint, he has correspondingly

failed to meet the prerequisites for injunctive relief.  The initial complaint

does not demonstrate a substantial likelihood of success on the merits.

There is no need to go "farther than the first prong of this analysis because

[Plaintiff] cannot show a substantial likelihood of success on the merits."

<u>Pine v. City of West Palm Beach, FL</u>, 762 F.3d 1262, 1268 (11th Cir.

2014).  Therefore, the instant motion, ECF No. 11, must be denied.

It is respectfully **RECOMMENDED** that the motion for a temporary

restraining order, ECF No. 11, be **DENIED** and this case **REMANDED** for

further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 26, 2016.


  s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**